IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                        No. CR 09-1330 JB

JUAN CARILLO-ROMO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum in Support of Variance, filed August 4, 2009 (Doc. 16).  The Court held a hearing on August 13, 2009.  The primary issue is whether the Court should vary from the advisory guideline sentence because, among other factors, Defendant Juan Carillo-Romo re-entered the United States because his mother was very ill and he needed money to care for her.  While the Court would be reluctant to grant a variance solely on the basis of a sick relative, the Court believes that there are additional factors that, combined with the reason for him returning to the United States, give a sufficient basis for a variance.

**FACTUAL BACKGROUND**

Carillo-Romo is forty-six years old.  His criminal record consists of a single felony conviction of Possession of Marijuana for Sale and Conspiracy to Possess and Distribute Marijuana in 1993.  This marijuana conviction occurred when Carillo-Romo was twenty-nine years old.  He has one other criminal entry for the misdemeanor offense of illegal entry.

In 1994, Carillo-Romo was deported, and since that time he has re-built his life in Mexico.

He has maintained steady relationships in Mexico. Until the misdemeanor offense for illegal entry and the current charged offense, he lived in Mexico and appears to have lived a law-abiding life there.

The current offense came about because of Carillo-Romo's wife's cancer. She had undergone chemotherapy in Mexico. These treatments became increasingly expensive. As a consequence, to deal with the rising medical costs that his wife's treatment brought about, Carillo-Romo came to the United States to seek a higher paying job.

## PROCEDURAL BACKGROUND

On May 19, 2008, Carillo-Romo entered a plea of guilty to Reentry of a Deported Alien in violation of 8 U.S.C. § 1326(a)(1) and 8 U.S.C. § 1326(b)(2). He so pled without the benefit of a plea agreement. The United States Probation Office disclosed the Presentence Investigation Report ("PSR") on June 29, 2009. The advisory guidelines calculate an offense level of 17 and category I criminal history, producing an advisory range of 24-30 months.

Carillo-Romo moves the Court, through counsel and pursuant to 18 U.S.C. § 3553(a), United States v. Booker, 543 U.S. 220 (2005), and the advisory United States Sentencing Guidelines, to vary from the advisory federal sentencing guidelines and impose a reasonable sentence consistent with the goals, concerns, and policy statements set out in 18 U.S.C. § 3553(a). Carillo-Romo requests that the Court sentence him to 12 months and one day, and to a period of unsupervised release, in line with an advisory offense level of 13 and a criminal history of I.

## ANALYSIS

The Court must impose a sentence that accurately reflects each of the factors set forth in 18 U.S.C. § 3553(a). In reaching an appropriate sentence, the Court cannot – unlike an appellate court – consider a sentence falling within the guidelines range as a presumptively reasonable

sentence.  See Gall v. United States, 128 S.Ct. 586, 597 (2007).  Those factors that the Court must consider are:

>(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>(2) the need for the sentence imposed –
>
>>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>>(B) to afford adequate deterrence to criminal conduct;
>>
>>(C) to protect the public from further crimes of the defendant; and
>>
>>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>(3) the kinds of sentences available;
>
>(4) the kinds of sentence and the sentencing range established for –
>
>>(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>>
>>>(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>>
>>>(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>>
>>(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
>(5) any pertinent policy statement –

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  Carillo-Romo's offense level is 17, and his criminal history category is I. The applicable guidelines imprisonment range is 24-30 months. Under the advisory guideline structure, a level 17 is considered a reasonable sentence. Carillo-Romo has made some arguments that have force in the Court's calculus whether to vary downward from the guideline sentence. After the Court has conducted its 18 U.S.C. § 3553(a) inquiry, and considers the particular Defendant before the Court, the particular offense, and the specific reason he had for reentering the United States after deportation, a sentence lower than the advisory guideline sentence of 24 months at the low end of the range is appropriate. The Court concludes that a sentence of 12 months and one day is equally reasonable, and better balances the factors in 18 U.S.C. § 3553(a), than does the 24-month sentence, given the personal characteristics of Carillo-Romo and the offense currently before the Court.

  The Court is aware that Congress take seriously the illegal reentry. Carillo-Romo misunderstood the seriousness of this offense when he made the decision to come to the United States. The Court, however, believes that a sentence of 24 months is excessive. With that better understanding about the offense's seriousness, Carillo-Romo will be specifically deterred from committing this offense in the future. The Court believes that a 12-month and one day sentence is

lengthy enough to have a general deterrent effect.  The 12-month and one day sentence reflects just punishment, without being overly punitive.

Moreover, the Court believes a sentence of 24 months is more than what is necessary to fulfill the command of the factors set forth in 18 U.S.C. § 3553(a).  The Court frequently sees other defendants who have crossed into the United States illegally to help sick relatives.  That scenario is therefore not sufficient, on its own, to justify a variance in most situations.  Here, however, there are facts that lead the Court to believe the variance is well supported.

Carillo-Romo is now in his forties, while his only felony conviction came when he was twenty-nine.  Given that so much time has passed since Carillo-Romo has committed a serious offense aside from the one for which he is being charged today, it appears that he is a different and more mature person than he was at the time he committed the drug offense.  Thus, the offense that is knocking the offense level up to a relatively high number is part of a past that Carillo-Romo appears to have left behind.  Aside from his misdemeanor illegal entry and the current offense, Carillo-Romo has had no other criminal incidents.  Some variance is therefore in order.

Furthermore, the temporal remoteness of Carillo-Romo's only felony offense suggests that, in many respects, Carillo-Romo has developed respect for the law in a general sense.  The 12-month and one day sentence will be sufficient to instill in him respect for the specific law prohibiting illegal reentry.  Finally, because Carillo-Romo's drug offense is far in the past, and because the only other offense on his record was a misdemeanor reentry, he is not a danger to the public.

The Court has carefully considered all of the pertinent factors in handing down its sentence.  As a result, the Court imposes a sentence of 12 months and one day.

**IT IS ORDERED** that the request for variance contained in the Defendant's Sentencing Memorandum in Support of Variance is granted.  The Court sentences Carillo-Romo to 12-months

and one day incarceration.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Kimberly A. Brawley
  Assistant United States Attorney
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Edward O. Bustamante
610 Gold Avenue, S.W., Suite 200
Albuquerque, New Mexico

  *Attorney for the Defendant*